UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| JAMES D. LEWIS, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-18-1205-G |
| OKLAHOMA PARDON & PAROLE BOARD, et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court for review of the Report and Recommendation (Doc. No. 10) issued by United States Magistrate Judge Bernard M. Jones pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Plaintiff, a state prisoner appearing pro se, brought this action under 42 U.S.C. § 1983 alleging that Oklahoma's parole scheme violated his constitutional rights. *See* Compl. (Doc. No. 1).

Judge Jones has recommended that Plaintiff's action be dismissed on screening for failure to state a claim upon which relief can be granted. *See* R. & R. at 5; 28 U.S.C. § 1915A(b)(1). On February 22, 2019, Plaintiff filed a timely objection to the Report and Recommendation.[1] *See* Pl.'s Obj. to R. & R. (Doc. No. 11). Plaintiff's objection triggers de novo review by this Court of those portions of the Report and Recommendation to which objection is made. *See, e.g.*, *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th

---

[1] Although styled "Motion to Object," Plaintiff's submission is, in substance, an objection to the Report and Recommendation and will therefore be construed as such.

Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Issues or claims raised for the first time, however, are waived. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

I. Miller *Claim*

Plaintiff's primary claim is predicated on the following facts: At the age of fourteen, he was sentenced to life with the possibility of parole on a charge of first-degree murder. Compl. ¶ 14. He has since been considered for—and denied—parole a total of six times without being afforded an "opportunity to demonstrate maturity and rehabilitation." *Id.* ¶ 19. Plaintiff asserts that he has been denied a "meaningful opportunity for release" and is being held in violation of *Miller v. Alabama*, 567 U.S. 460 (2012).[2] Compl. ¶¶ 2, 3, 18, 24, 25, 26; *see also* Pl.'s Obj. to R. & R. at 1-3.

In *Miller*, the Supreme Court considered the constitutionality of a sentencing scheme that required life-without-parole sentences for juvenile offenders convicted of homicide. *See Miller*, 567 U.S. at 479. The Court determined that the sentencing scheme violated the Eighth Amendment by making an offender's youth "irrelevant to imposition of that harshest prison sentence." *Id.* The Court expressly declined to impose a "categorical bar on life without parole for juveniles," acknowledging the possibility that in the appropriate homicide case the Eighth Amendment might permit the imposition of a life-without-parole sentence, provided the determination was based on an individualized assessment. *Id.*; *see also Montgomery*, 136 S. Ct. at 725.

---

[2] Plaintiff also relies on *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), in which the Supreme Court gave *Miller* retroactive effect.

2

Judge Jones concluded that *Miller* is inapplicable because "Plaintiff was not sentenced to life-without-parole and has in fact been considered for parole on at least six occasions." R. & R. at 3. The Court agrees. To establish a *Miller* violation, Plaintiff must show: (1) that he was sentenced to life without parole; and (2) that such sentence was imposed without an individualized assessment. *See Montgomery*, 136 S. Ct. at 725 (noting *Miller*'s holding that "a juvenile convicted of a homicide offense could not be sentenced to life in prison without parole absent consideration of the juvenile's special circumstances"). Plaintiff cannot show that he was sentenced to life without the possibility of parole, and he does not complain about a lack of individualized assessment at sentencing. *See* Compl. ¶ 4 ("Plaintiff does not . . . challenge his judg[]ment or conviction . . . ."); *Contreras v. Davis*, 716 F. App'x 160, 163 (4th Cir. 2017) (holding that habeas claims were "not cognizable under *Miller* because [the petitioner] [was] not subject to a mandatory sentence without parole"); *Starks v. Easterling*, 659 F. App'x 277, 280 (6th Cir. 2016) (same).[3]

In his Objection, Plaintiff also claims that his sentence violates *Graham v. Florida*, 560 U.S. 48 (2010). The Court has considered this argument but concludes that because Plaintiff was convicted of homicide, he does not fall within the category of juvenile offenders entitled to a "meaningful opportunity for release" under *Graham*. *See, e.g.*, *Budder v. Addison*, 851 F.3d 1047, 1055 (10th Cir. 2017) (explaining that *Graham* applies

---

[3] Although *Miller* challenges are more typically brought as habeas claims, the Court declines to construe Plaintiff's claim as seeking relief under 28 U.S.C. §§ 2254 or 2241 because Plaintiff has purposely sought relief under § 1983 and because such a claim would likewise fail given the inapplicability of *Miller* and *Graham*.

only to juvenile offenders not convicted of homicide). It is therefore unnecessary to determine whether the complained-of state parole procedures afforded Plaintiff an "opportunity to demonstrate maturity and rehabilitation." *Id.* ¶ 19. *See generally Graham*, 560 U.S. at 75 (explaining that "a juvenile offender convicted of a nonhomicide crime" must be given "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation").

II. *Fourteenth Amendment Claim*

Plaintiff's Fourteenth Amendment claim is predicated on allegations that, in denying him parole, state officials did not consider his youth, failed to provide a reason for denial, did not provide him with an attorney, and did not allow him to appeal the denial. *See* Compl. ¶¶ 6, 10-11.

Judge Jones concluded that Plaintiff has no liberty interest in obtaining parole because, under Oklahoma law, the granting of parole is entirely discretionary. *See* R. & R. at 3-4. The Court agrees. *See Ong Vue v. Henke*, 746 F. App'x 780, 782 (10th Cir. 2018) ("[T]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. Thus, because [the plaintiff] doesn't have a liberty interest in receiving meaningful consideration for parole under Oklahoma law, he fails to state a due-process claim." (citation and internal quotation marks omitted)).

While acknowledging the discretionary nature of parole as a general matter, Plaintiff submits that juvenile offenders have a liberty interest in obtaining parole under *Graham* and *Miller*. *See* Pl.'s Obj. to R. & R. at 3-5. Assuming without deciding that *Graham* and

*Miller* create a liberty interest in parole, Plaintiff would not fall within the category of juvenile offenders to whom that liberty interest applies. *See* discussion above.

III. *Eighth Amendment Claim*

Plaintiff alleges that the State's repeated denials of parole constitute cruel and unusual punishment in violation of the Eighth Amendment. *See* Compl. ¶¶ 23-26. Judge Jones correctly rejected this claim. *See Burnett*, 754 F. App'x at 707; *Pedockie v. Bigelow*, 503 F. App'x 581, 585-86 (10th Cir. 2012).

IV. *State-Law Claims*

Judge Jones recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state constitutional claims. *See* R. & R. at 4-5. Plaintiff's objection is silent on the disposition of his state-law claims. Accordingly, the Court agrees with Judge Jones' recommendation and declines to exercise supplemental jurisdiction over Plaintiff's state-law claims.

CONCLUSION

It is therefore ORDERED that the Report and Recommendation (Doc. No. 10) is ADOPTED. Plaintiff's federal and state-law claims are dismissed without prejudice.[4] This dismissal counts as a "strike" under 28 U.S.C. § 1915(g). A separate judgment shall be entered.

---

[4] *See Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001) (dismissal with prejudice is proper only where "no amendment" could cure the deficiencies in the claim).

IT IS SO ORDERED this 5th day of April, 2019.

CHARLES B. GOODWIN
United States District Judge